**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0691n.06
Filed: September 25, 2007

**No. 06-4199**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DOUGLAS A. TURNS, | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| | ) | |
| V. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT |
| | ) | OF OHIO |
| UNITED STATES OF AMERICA | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before:    SUTTON and MCKEAGUE, Circuit Judges; FORESTER, Senior District Judge.[*]

**KARL S. FORESTER, Senior District Judge.**

The Petitioner-Appellant, Douglas A. Turns, filed a *pro se* petition to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 asserting, *inter alia*, a claim of ineffective assistance of counsel. The district court initially dismissed all of Turns' claims with the exception of his ineffective assistance of counsel claim. Counsel was appointed to represent Turns on this issue, and an evidentiary hearing was held. The district court ultimately determined that Turns' ineffective assistance of counsel claim was without merit. This timely appeal followed. For the reasons set

---

[*]The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

forth below, the decision of the district court will be AFFIRMED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2000, Turns was convicted by a jury of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, four counts of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a) and (d), and four counts of using a gun during a violent crime, in violation 18 U.S.C. § 924(c).  He was ultimately sentenced to a term of imprisonment, to be followed by a period of supervised release.  On direct appeal, this Court upheld his conviction and sentence in May 2004.  A petition for a writ of certiorari was subsequently denied by the United States Supreme Court.

Then, on August 18, 2004, Turns filed this *pro se* petition to vacate or correct his sentence pursuant to 28 U.S.C. § 2255.  Turns' petition set forth ten grounds for relief.  Pursuant to local practice, this matter was referred to a magistrate judge for report and recommendation.  On August 26, 2005, the district court adopted the magistrate judge's report and recommendation that all of Turns' claims be dismissed with the exception of his claim for ineffective assistance of counsel based on his attorney's alleged failure to call alibi witnesses and failure to advise petitioner that he could plead guilty without testifying against co-defendants.  An evidentiary hearing on those claims was set and counsel was appointed to represent Turns.

The magistrate judge conducted the evidentiary hearing on February 21, 2006.  In his report and recommendation subsequently entered on May 15, 2006, the magistrate judge first noted that Turns had withdrawn his claim that he was denied effective assistance of counsel due to his attorney's failure to call certain alibi witnesses.  Nevertheless, the magistrate judge reviewed this claim and found it lacked any merit.  The magistrate judge then turned to Turns' claim of ineffective

2

assistance of counsel based on his attorney's alleged failure to advise him that he could plead guilty without testifying against his co-defendants and failure to properly convey the terms of the plea offer. After reviewing the evidence and the testimony of Turns and his trial attorney, Gary Deeds, the magistrate judge concluded that Deeds' testimony that Turns refused to discuss any plea offer, that Turns continued to assert his innocence and desire to go to trial despite Deeds' recommendation that a guilty plea was in his best interest, and that he never told Turns that he would be required to testify against his co-defendants was credible. On the other hand, the magistrate judge concluded that Turns' testimony that he would have accepted a plea offer was "unworthy of credit" in light of the fact that he consistently maintained his innocence and flat out refused to discuss any plea offer. Moreover, Turns conceded at the evidentiary hearing that he never told Deeds that he would be interested in a guilty plea provided that he would not have to testify against his co-defendants. In light of Turns' flat refusal to discuss a guilty plea and Deeds' testimony relating to his efforts to discuss, and ultimately recommend, a guilty plea with Turns, the magistrate judge concluded that Deeds met his obligations as Turns' defense counsel with respect to advice and counsel during the plea negotiation stage of this matter. Accordingly, the magistrate judge recommended that Turns' remaining claims of ineffective assistance of counsel be dismissed.

Turns filed objections to the magistrate judge's report and recommendation, which the district court reviewed *de novo*. Finding that the record failed to support Turns' allegations of ineffective assistance of counsel, the district court overruled Turns' objections, adopted the magistrate judge's report and recommendation, and dismissed Turns' petition. The district court did, however, grant Turns' subsequent motion for a certificate of appealability on the following issue:

Was petitioner denied the effective assistance of counsel due to his attorney's failure

3

to advise him that he could plead guilty without testifying against his co-defendants or failure to convey the plea offer.

This timely appeal followed.

## II.     ANALYSIS

Turns appeals the denial of his § 2255 petition. To seek relief under § 2255, a prisoner "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact of law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citation omitted). On appeal, Turns argues that the district court erred in failing to find that his counsel performed ineffectively based on his alleged failure to advise Turns that he could plead guilty without testifying against his co-defendants and/or his counsel's alleged failure to convey the plea offer. This Court reviews a district court's denial of a § 2255 motion *de novo*, while examining the facts under a "clearly erroneous" standard. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). "Ineffective assistance of counsel claims are mixed questions of law and fact" and thus warrant *de novo* review. *Mallett*, 334 F.3d at 497.

In order to raise a viable ineffective assistance of counsel claim, Turns must satisfy the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). The first prong of the *Strickland* test requires a showing that "counsel's representation fell below an objective standard of reasonableness." In other words, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and the petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 687, 690. In general, "[a] criminal defendant has a right

4

to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003). However, while counsel may recommend that his client accept the government's plea offer, "the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction." *Id*. at 552.

The second prong of the *Strickland* test requires that the petitioner show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In other words, the "prejudice" element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In rejecting Turns' claims, the district court appropriately placed great weight on Turns' flat refusal to discuss a guilty plea. The evidence reveals that Deeds communicated the government's plea offer to Turns on more than one occasion, explained to him the consequences of a guilty verdict - essentially a life term - as opposed to the plea offer of ten years imprisonment. Deeds even advised Turns that accepting the plea offer would be in his best interest in light of the evidence against him. Deeds did not recall ever telling Turns that he would be forced to testify against his co-defendants in order to obtain the benefit of a plea agreement; in fact, Turns told Deeds that he knew nothing about his co-defendants, thus eliminating any need to testify against them. The record clearly reveals that in every conversation Deeds had with Turns about the plea offer, Turns professed his innocence and his desire to go to trial, and completely refused to discuss a guilty plea. The fact that Turns

5

refused to acknowledge the strength of the government's case cannot render Deeds' performance constitutionally deficient. The district court, thus, correctly concluded that Turns failed to show that Deeds' performance was constitutionally deficient.

Moreover, regardless of Deeds' performance as counsel, there is no reasonable probability that Turns would have pleaded guilty. Turns was insistent on his innocence from the time of his indictment until the day of the evidentiary hearing. Throughout the plea negotiation stage of this matter, he consistently refused to discuss the plea offer with Deeds and rejected Deeds' advice to accept the plea offer. His self-serving statement now, after being convicted and sentenced, that he would have accepted the plea offer is simply disingenuous in light of his repeated protestations of innocence and his flat out refusals to discuss the plea offer prior to his trial. Regardless of Deeds' counsel and advice, there is simply no reasonable probability that Turns would have pleaded guilty. Thus, Turns was not prejudiced by Deeds' representation. The fact that Turns now regrets his decision is no basis to grant the requested relief. Consequently, Turns' claim of ineffective assistance of counsel is meritless and the decision of the district court to dismiss his petition will be affirmed.

## III.    CONCLUSION

For the reasons set forth above, the district court's order adopting the Magistrate Judge's Report and Recommendation and dismissing this action is AFFIRMED.